# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: CHAYA CHALON THOMAS, | ) | |
| | ) | |
| Debtor/Appellant, | ) | No. CIV-09-1386-D |
| | ) | |
| vs. | ) | |
| | ) | APPEAL FROM UNITED STATES |
| | ) | BANKRUPTCY COURT FOR THE |
| | ) | WESTERN DISTRICT OF |
| RICHARD A. WIELAND, United States Trustee, | ) | OKLAHOMA: |
| | ) | CASE NO. BK-09-13859-NLJ; |
| Appellee. | ) | (CHAPTER 13) |
| | ) | |

## ORDER

On December 21, 2009, Debtor Chaya Chalon Thomas ("Debtor") filed a Notice of Appeal of several Orders entered by the United States Bankruptcy Court for the Western District of Oklahoma in her Chapter 13 Bankruptcy proceeding. Specifically, Debtor seeks this Court's reversal of the Bankruptcy Court's October 29, 2009 Order Dismissing Case with Prejudice and its December 9, 2009 Order Denying the Debtor's Motion to Alter or Amend and her Motion for Findings of Fact and Conclusions of Law.

Debtor, who appears pro se, filed in the Bankruptcy Court an Application to Proceed *In Forma Pauperis* on Appeal; on February 26, 2010, the Bankruptcy Court denied the Application and directed Debtor to pay the $255 filing fee within seven days to avoid striking the Notice of Appeal. The Bankruptcy Court's Order, filed in the Bankruptcy Court as Document No. 76, was transmitted to this Court in a supplemental transmittal of Notice of Appeal [Doc. No. 10]. Debtor did not pay the filing fee. On March 15, 2010, the undersigned entered an Order [Doc. No. 12] directing Debtor to show cause why her appeal should not be stricken by this Court in accordance with 11 U. S. C.

§ 8001(a).

Debtor responded to the show cause order by arguing the Bankruptcy Court's Order denying her *in forma pauperis* application was erroneous. Construing the Order as concluding only that the Bankruptcy Court lacked authority to grant the application, Debtor argues that such authority is conferred on the Bankruptcy Court and, in effect, asks this Court to overrule the Bankruptcy Court's Order. In support of her contention, she relies on and discusses at length an unpublished Seventh Circuit Court of Appeals decision, *In re Richmond*, 247 F. App'x 831 (7th Cir. 2007), in which the Seventh Circuit held that, under a previous version of the Bankruptcy Code, a bankruptcy court had authority to consider a creditor's application to bring an adversary proceeding *in forma pauperis* in a pending Chapter 7 bankruptcy proceeding. The Seventh Circuit discussed at length the rights of creditors, and expressly limited its ruling to creditor applications in connection with adversary proceedings. 247 F. App'x at 833-34. The Seventh Circuit did not, as Debtor suggests, extend that ruling to a debtor's application to proceed *in forma pauperis* on appeal; in fact, it discussed the distinction between creditor and debtor rights in such cases. The facts of *Richmond* and the holding of the Seventh Circuit, are distinguishable from this case; in any event, this Court is not required to follow the ruling of the Seventh Circuit.

As the Bankruptcy Court discussed in some detail in its Order denying Debtor's *in forma pauperis* application, the provisions of 28 U. S. C. § 1930(f) regarding a bankruptcy court's authorization to waive fees do not apply to this case. *See* Bankruptcy Court Order, pages 4-5. None of the provisions of § 1930(f) apply to Debtor; moreover, the general § 1930(f)(3) provision authorizing waiver of fees for "other debtors" is limited to circumstances which are "in accordance with Judicial Conference Policy." 28 U. S. C. § 1930(f)(3). As the Bankruptcy Court noted, the

2

Judicial Conference has prescribed a Bankruptcy Court Miscellaneous Fee Schedule, and § 1930(f)(3) authorizes waiver only of the fees listed in the Fee Schedule. The Fee Schedule prescribes a filing fee for an appeal of a bankruptcy order; however, the Fee Schedule contains no provision authorizing the waiver of the filing fee.

Although Debtor disagrees with the Bankruptcy Court's foregoing determinations regarding its authority to grant her *in forma pauperis* application, she ignores the fact that the Bankruptcy Court also considered the merits of her application. In the Order, the Bankruptcy Court noted that, assuming it had the authority to grant the application, the provisions of 28 U. S. C. 1915(a)(1) govern a court's consideration of the merits of an *in forma pauperis* application. As the Bankruptcy Court correctly concluded, Debtor in this case has wholly failed to comply with the statutory requirement that she submit "an affidavit that includes a statement of all assets," documenting her inability to pay the appellate filing fee. 28 U. S. C. § 1915(a)(1). In this case, Debtor has never presented the required affidavit or other information required by § 1915(a)(1) to the Bankruptcy Court or to this Court. Thus, her application was properly denied by the Bankruptcy Court on that basis.

The balance of Debtor's response to this Court's March 15, 2010 Order [Doc. No. 12] does not demonstrate good cause for her failure to pay the required filing fee to pursue this appeal. She devotes most of her argument to the purported merits of her appeal, and fails to present an argument in response to this Court's Order that she show cause for her failure to pay the required filing fee by the extended deadline provided by the Bankruptcy Court. Notwithstanding her subsequent efforts to amend her notice of appeal, Debtor has ignored the requirements of the Court's show cause order. Her arguments do not warrant the waiver of the requirement that she pay the filing fee to proceed

with her appeal.

In accordance with 11 U. S. C. § 8001(a), the District Court is authorized to dismiss the appeal for Debtor's failure to "take any step other than timely filing a notice of appeal." In this case, Debtor was given ample opportunity to comply with the Court's orders regarding payment of the filing fee or submission of the material required by 28 U. S. C. § 1915(a). She has failed to do so, and she has not shown good cause for that failure. Accordingly, the appeal is hereby DISMISSED.[1]

IT IS SO ORDERED this 18th day of August, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The dismissal of this action renders moot the Appellee's motion to dismiss the notice of appeal and amended notice of appeal [Doc. No. 18] and Debtor's motion to strike the motion to dismiss [Doc. No. 20].